UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>    Plaintiff  )<br>  )<br>  )<br>V  )<br>  )<br>IVAN SANTANA  )<br>  )<br>    Defendant  )<br>  ) | CASE NO.:  1:23CR00432-02<br><br>JUDGE PATRICIA ANN GAUGHAN<br><br><u>SENTENCING MEMORANDUM</u> |

Now comes the defendant, Ivan Santana, through his attorney, Thomas E. Shaughnessy, and respectfully submits for the Court's consideration at sentencing, scheduled on July 23, 2024, facts relevant to the sentence to be imposed upon defendant pursuant to 18 U.S.C. Section 3553(a) and additional factors relevant to the instant case and the defendant's history.

                                                              Respectfully submitted,

                                                               <u>/S/ Thomas E. Shaughnessy</u>
                                                               Thomas E. Shaughnessy 0047201
                                                               11510 Buckeye Road
                                                               Cleveland, Ohio 44104
                                                               (216) 721-7700

## MEMORANDUM

### I. PROCEDURAL SENTENCING FRAMEWORK

It is respectfully submitted that in *United States v. Booker*, 125 S. Ct. 738 (2005), the Supreme Court held that sentencing guidelines are advisory, not mandatory, and that other factors set forth in section 3553(a) must be considered in fashioning the appropriate sentence. Se *Booker* at 790 In post Booker, the sentencing guidelines are but one of many statutory concerns that federal courts must take into account during sentencing determination; district court judges have great discretionary power to impose sentences not greater than necessary to satisfy the statutory purposes of sentencing. This standard requires courts to impose sentences that:

    A) reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense;

    B) afford adequate deterrence to criminal conduct;

    C) protect the public from further crimes of the defendant; and

    D) provide the defendant with needed training, medical care, or other correctional treatment in the most effective manner.

In consideration of the purposes of Section 3553(a), this Court must fashion a sentence which considers all the following factors:

    1) the nature and circumstances of the offense and the history and characteristics of the defendant;

    2) the need for the sentence imposed to further the purposes set forth above;

    3) the kinds of sentences available;

    4) the kinds of sentences and sentencing range applicable to the defendant as set by the U.S. Sentencing Guidelines

    5) any pertinent policy statement issued by the Sentencing Commission…;

> 6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;

The United States Supreme Court in *Kimbrough v. United States*, 552 US 85 (3007), ruled that the sentencing courts must treat the guidelines as the "starting point and the initial benchmark" when formulating reasonable sentencing. Id at 108. However, the appropriateness of the Guidelines sentence must be judged against the other factors in section 3553(a). Id at 101. Therefore, after properly calculating the advisory range under the sentencing guidelines, a factor which serves only as a starting point, district courts must then consider each of the relevant section 3553(a) factors which places the guidelines on equal footing with the other factors.

The overriding principle and basic mandate of section 3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary…" while giving consideration to "the nature and circumstances of the offense and the history and characteristics of the defendant…" Ivan Santana hereby presents the following information for the Court's consideration.

## II. INTRODUCTION

### A. *Defendant accepts responsibility for his actions*

Ivan Santana has pled guilty and acknowledged his guilt in the instant offense. He gave the Government notice of intent to plea in a timely manner. He has accepted responsibility for his conduct and understands that the offense requires the appropriate attention of this Court. Mr. Santana only asks that this Court to considers an imposition of punishment that not only considers the crime, but also the history and characteristics of Mr. Santana and the collateral consequences of his conviction in this case. A

consideration of these additional factors will result in a sentence that will achieve the goals of sentencing under section 3553(a).

Mr. Santana has remorse for his conduct, as he has shown throughout this case.

B. *Role in Offense*

Mr. Santana does not deny his role in the offense. Mr. Santana accepts full responsibility for his actions.

C. Personal Characteristic

Mr. Santana is twenty (27) years old. Defendant Santana was raised in a high crime area and was raised without his father from the age of ten (10). He dropped out of school in the 9th grade to earn money. Defendant Santana has been shot on two (2) separate occasions.

Defendant Santana has been diagnosed with ADHD, Depression and Bi Polar. He attempted suicide at age nineteen (19).

Defendant Santana first used alcohol at age 11 or 12. He began marijuana use at thirteen (13) and was using marijuana daily before his arrest. He would benefit from drug treatment.

D. Plea Agreement

The plea agreement reached by the parties in this matter has a base level offense of twelve (12) plus an additional two (2) level enhancement for the number of firearms involved and a four (4) level enhancement for trafficking in firearms for an for an aggregate offense level of 18 before acceptance of responsibility. The Presentence Report has an offense level of twenty six (26) before acceptance of responsibility.

In paragraph 12 of the Plea Agreement the parties agreed to jointly recommend that this Honorable Court use the advisory Sentencing guidelines in accordance with the computations and stipulations set forth in the plea agreement.

In paragraph 15 of the Plea Agreement the parties agreed to a base level offense of twelve (12).

Counsel would request that this Honorable Court sentence the Defendant according to the plea agreement.

The parties in this case reached a plea agreement. They did so with knowledge of the circumstances that enhanced his offense level in Presentence Report.

### III. CONCLUSION

For the above-mentioned reasons, defendant, Mr. Santana, respectfully requests the following:

1. That this Court consider his personal characteristics when determining an appropriate sentence in this case.
2. That this Honorable Court sentence Defendant Santana in accordance with the plea agreement.

Respectfully submitted,

/S/ Thomas E. Shaughnessy
Thomas E. Shaughnessy 0047201
11510 Buckeye Road
Cleveland, Ohio  44104
(216) 721-7700

CERTIFICATE OF SERVICE

       A copy of the Sentencing Memorandum was filed by electronic means pursuant to F.R.C.P.5(b)(2)(D).  Notice of this filing will be sent to all counsel indicating electronic receipt by operation of the Court's electronic system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's electronic filing system.

          /S/ Thomas E. Shaughnessy
          Thomas E. Shaughnessy 0047201
          11510 Buckeye Road
          Cleveland, Ohio  44104
          (216) 721-7700